IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No. 17-22967 JAD |
| | : | |
| John C. Churby and Sharon M. Churby, | : | Chapter 13 |
| | : | |
| Debtors. | : | Document No.: |
| | : | |
| John C. Churby and Sharon M. Churby, | : | Related to Doc No.: 79 |
| | : | |
| Movants, | : | |
| | : | |
| vs. | : | |
| | : | |
| No Respondents. | : | |

## DEBTORS' REPORT OF THE USE OF DEBTOR -WIFE'S
## POST PETITION SETTLEMENT FUNDS AND REMEDY TO CREDITORS

AND NOW come Debtors, John C. Churby and Sharon M. Churby, and file the following report explaining the use of Debtor-Wife's post petition settlement funds as required by this Courts January 5, 2022, Order. This report will also explain how harm to creditors will be remedied.

I. Debtors' use of funds:

1. Debtors received and deposited $37,428.59 into their joint account at PNC Bank on September 27, 2021. These funds were Debtor Wife's share of the Wrongful Death/Survivorship action arising from the death of Debtor Wife's Mother.

2. Debtor Wife exempted $13,100 of these funds leaving $24,328.59 un-exempt.

3. Thereafter, Debtors spent $10,000-$11,000 to repair water damage in the kitchen of their residence- replacing cabinets, flooring, counter-top, sink, etc.,

4. Paid 4 payments totaling $2,000 to Exeter Finance for car payments which Debtor Wife did not understand were part of the amended Chapter 13 Plan to be distributed by the Trustee.

5. Paid $5,205.04 to 4 post-petition credit cards.

6. Paid $4,000 by cashiers check dated December 1, 2021 to the Chapter 13 Trustee to bring Chapter 13 Plan payments current.

7. Spent $2,000-$3,000 on Christmas gifts.

8. Debtors currently have $9,300.82 of these funds in their joint account at PNC Bank.

II. Remedy of potential harm to Debtor's Creditors.

1. Debtors take the position that there is not harm to the Creditors in this matter based on the following:

A. Debtors are in month 55 of a 60 month Chapter 13 Plan which provides for 100% distribution to unsecured creditors.

B. Debtors are ½ of one payment behind on their monthly payment which will be cured soon.

C. Debtors secured debt is paid 100% and their long term continuing debt is current. The Trustee has $8,450 on hand.

D. Debtors have a total of $20,183.54 in 20 unsecured claims which break down as follows:
    Joint - 2 claims - $213.30
    Husband only - 8 claims - $10,660.03
    Wife only - 10 claims - $9,310.21

E. Debtors have $9,300 of the Settlement Funds in their bank account which they propose to send to the Chapter 13 Trustee along with $223.51 of joint funds to be used to pay the $9,523.51 of Wife only and joint claims in full. This payment will be made following Court approval of the settlement distribution.

F. This pre-payment to Debtor Wife only and Joint claims will bring Debtors' payments current and will shorten their plan term or lower their remaining plan payments.

G. Debtor Husband's 8 claims totaling $10,660.03 are entitled to no distribution from this wife only asset.

2. Thus no creditors have been or will have been harmed by the unauthorized premature distribution and use of the Settlement funds at issue.

Wherefore, Debtors, John C. Churby and Sharon M. Churby, respectfully request that this Court approve the settlement and distribution of settlement proceeds as proposed by the Debtors' Motion filed November 27, 2021.

Dated: February 3, 2022
        ZEBLEY MEHALOV & WHITE, P.C.

        /s/ Daniel R. White
        Daniel R. White
        PA I.D. No. 78718
        P.O. Box 2123
        Uniontown, PA 15401
        Telephone: 724-439-9200
        Facsimile: 724-439-8435
        Attorney for Debtors
        Email: dwhite@Zeblaw.com