IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Case No. 17-22967-JAD |
| John C. Churby<br>Sharon M. Churby,<br>    Debtor(s). | Chapter 13<br><br>Related to Doc. Nos. 71, 73, 78, 79, 85, 86, and 87 |
| Sharon M. Churby,<br>    Movant(s),<br>vs.<br>No Respondents,<br>    Respondent(s). | |

<u>CONSENT ORDER OF COURT SETTLING TRUSTEE'S OBJECTION TO MOTION TO APPROVE SETTLEMENT OF WRONGFUL DEATH/SURVIVAL CLAIM AND PROPOSED DISTRIBUTION</u>

WHEREAS, the Trustee objected to Debtor(s) Motion (at Doc 71) to approve settlement of a wrongful death action;

WHEREAS, the basis of the objection was the disposition of the non-exempt portion of the proceeds of the settlement;

WHEREAS, Debtor(s) and special counsel have filed response(s) to the objection at Docs 85, 86, and 87, which are incorporated herein;

WHEREAS, in light of the facts and circumstances of this case, including: the facts and contentions set forth in the responses; that the case is currently, and is to remain, a 100% plan, and that with the contemplated lump sum payment the Plan will be close to completion; and to avoid further time, costs, and expenses in addressing the disputes, the Trustee and Debtor(s) agree as follows:

(1)    Sharon M. Churby will pay, within 10 days of the date of this Order, by cashier's check made payable to Ronda Winnecour and mailed, with a copy of this Order to "P.O. Box 2587 Pittsburgh PA 15230," a lump sum of $9,523.51, which is to be treated as additional plan funding (i.e., not as a credit against the regular monthly plan payments). The lump sum payment will be used, after Trustee fees, to first pay Ms. Churby's timely filed sole and joint unsecured creditors up to 100%, with any surplus (as a result of prior distribution(s) to unsecured creditors out of the balance on hand from regular monthly plan payments) to be paid over to John C. Churby's unsecured creditors. For purposes of the implementation of this paragraph, Ms Churby's sole and joint creditors (and the claim amounts) have been identified as follows:

Claim # 19 Midland/Lowes $ 559.87
Claim # 18 Midland/Credit One $1,119.99
Claim # 17 Midland/Rural King $2,142.18
Claim # 14 Quantum/Amazon $ 866.63
Claim # 12 LVNV Resurgent/Calpital One $ 454.25
Claim # 11 Dell $ 809.60
Claim # 10 Merrick Bank $1,192.68
Claim # 7 PRA/Walmart $ 974.13
Claim # 6 Verizon $ 65.97
Claim # 5 Verizon $ 147.33
Claim # 1 Discover $1,190.88

    (2)    The Plan shall, and by agreement, must remain a 100% plan and monthly payments shall continue as and when due until Trustee has received sufficient funds to complete the plan goals, including a 100% distribution to all timely filed unsecured creditors.

    (3)    This consent order resolves issues pertaining to the Court's approval of the settlement, and the Motion to approve settlement as filed at Doc 71 is approved. The Hearing scheduled for March 16, 2022, is hereby cancelled as moot.

So Ordered, this _____ day of _____, 20_____.

                                                                                    U.S. Bankruptcy Judge

Consented to:

/s/ Owen W. Katz
Owen W. Katz
US Steel Tower, Suite 3250
600 Grant Street
Pittsburgh, PA  15219
(412) 471-5566
Email: okatz@chapter13trusteewdpa.com
Attorney for Chapter 13 Trustee

/s/ Daniel R. White
Daniel R. White
P.O. Box 2123
Uniontown, PA 15401
Telephone:  724-439-9200
Email: dwhite@Zeblaw.com
Attorney for Debtor(s)